# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **EDMUND SCARBOROUGH, et al** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 05CV1427 (RBW)** |
| | ) | |
| **FRANCIS J. HARVEY,** | ) | |
| **Secretary of the Army, et al** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ANSWER

Defendants, by the undersigned attorneys, hereby assert defenses to Plaintiff's Complaint and answer each numbered paragraph as follows:

## PARTIES

1.  Admit that Plaintiff Edmund C. Scarborough (Scarborough) has acted as an individual surety providing surety bonds to contractors performing government contracts. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and on that basis deny them.

2.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and on that basis deny them.

3.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and on that basis deny them.

4.  Defendants admit the truth of the allegations in paragraph 4.

5.  Defendants admit the truth of the allegations in paragraph 5.

## JURISDICTION AND VENUE

6.  Defendants assert that this paragraph contains an allegation of jurisdiction to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegation.

7.  Defendants assert that this paragraph contains an allegation of venue to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegation.

## STATEMENT OF FACTS

8.  Defendants admit that Plaintiff Scarborough has acted as an individual surety on bonds given to U.S. Government agencies.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8  and on that basis deny them.

9.  Defendants admit that Plaintiff Scarborough uses an Irrevocable Trust Receipt (ITR) when furnishing bonds to the Government.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9  and on that basis deny them.

10.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10  and on that basis deny them.

11.  Defendants admit that Special Agent Christopher Hamblen (SA Hamblen) began an investigation of fraudulent and/or criminal acts by Robert Joe Hanson sometime in 2004.

12.  Defendants deny the allegations in paragraph 12.

13.  Defendants admit that SA Hamblen is not a contracting officer.  Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and on that basis deny them.

14.  Defendants deny that there was a lack of evidence of criminal wrongdoing by Plaintiffs.  Defendants admit that SA Hamblen created and issued a Criminal Alert Notice (CAN), numbered 0006-04-CID274.  Defendants admit that the CAN discusses false bonds. Defendants deny that the CAN cites no evidence and makes no charges against Plaintiffs.

15.  Defendants admit that CID regulations establish that the CAN and Criminal Intelligence Report (CIR) are two types of intelligence reports issued by CID.  Defendants deny that CID regulations provide that the CAN and CIR are mutually exclusive.

16.  Defendants admit the truth of the allegations in paragraph 16, except that Defendants deny the language in the first sentence which reads, "within the DA which would degrade the DA's mission."

17.  Defendants admit that CID regulations establish a report called the Criminal Intelligence Report (CIR) and that reporting crime patterns, new methods of operations and modern technology are three possible uses of a CIR.  Defendants deny the remaining allegations in paragraph 17.

18.  Defendants admit that Army regulations establish a report called a procurement flash report.  Defendants deny the remaining allegations in paragraph 18.

19.  Defendants admit the truth of the allegations in the first sentence of paragraph 19. Defendants deny the remaining allegations in paragraph 19.

20.  Defendants admit that CID plays a role in the investigation of suspected procurement fraud.  Defendants admit that CID may share information with other law enforcement agencies

and with persons outside law enforcement.  Defendants deny the remaining allegations in paragraph 20.

21.  Defendants deny the allegations in paragraph 21.  Plaintiffs quoted a portion of Army Regulation 195-2, para. 1-5(k).  The regulation speaks for itself and the Defendants refer the Court to the referenced document for an accurate and complete statement of its contents.

22.  Defendants deny the allegations in paragraph 22.  The regulation cited, Army Regulation 195-2, para. 1-5(k) speaks for itself and the Defendants refer the Court to the referenced document for an accurate and complete statement of its contents.

23.  Defendants admit that Army regulations permit CID to send notifications of suspected procurement fraud to other military components.  Defendants deny the remaining allegations in paragraph 23.

24.  Defendants admit the truth of the allegations in paragraph 24.

25.  Defendants admit the truth of the allegation in the first sentence of paragraph 25. Defendants deny the allegation in the second sentence of paragraph 25 that alleges the CAN contained personal information.  Defendants admit the allegation in the second sentence that SA Hamblen marked the CAN as containing "FOR OFFICIAL USE ONLY" information. Defendants deny the allegation in the third sentence of paragraph 25.

26.  Defendants admit the truth of the allegation in the first sentence of paragraph 26. Defendants admit that the CAN names the corporations and individual identified in the second sentence of paragraph 26.  Defendants deny the remaining allegations in the second sentence of paragraph 26.

27.  Defendants admit that the CAN describes the alleged fraudulent and criminal

4

activities of Hanson and that it mentions Plaintiffs and related entities. Defendants deny the remaining allegations in paragraph 27.

28. Paragraph 28 contains a conclusion of law to which no response is required. Should an answer be required, Defendants deny the allegation.

29. Paragraph 29 contains a conclusion of law to which no response is required. Should an answer be required, Defendants deny the allegation.

30. Paragraph 30 contains a conclusion of law to which no response is required. Should an answer be required, Defendants deny the allegation.

31. Paragraph 31 contains a conclusion of law to which no response is required. Should an answer be required, Defendants deny the allegation.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants admit the truth of the allegations in paragraph 34.

35. Paragraph 35 contains a conclusion of law to which no response is required. Should an answer be required, Defendants deny the allegation.

36. Defendants deny the allegations in paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and on that basis deny them.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and on that basis deny them.

39. Defendants deny that SA Hamblen or DA made an unauthorized dissemination of the CAN to NASBP. Defendant's lack knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 39 and on that basis deny them.

40.  Defendants deny the allegations in paragraph 40.

41.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and on that basis deny them.

42.  Defendants admit that SA Hamblen caused the CAN to be disclosed and disseminated to DoD contracting offices.  Defendants deny the remaining allegations in paragraph 42.

43.  Defendants admit that SA Hamblen e-mailed the CAN to Lieutenant Colonel Feck, Director of Operations, Defense Procurement and Acquisition Policy and requested Lt. Col. Feck disseminate the CAN to DoD Contracting Offices.  Defendants admit that contracting offices are not law enforcement agencies.  Defendants deny the remaining allegations in paragraph 43.

44.  Defendants admit the allegations in the first and second sentences of paragraph 44. The remainder of paragraph 44 contain legal conclusions to which no response is required. Should an answer be required, Defendants deny the allegation.

45.  Defendants admit the truth of the allegations in paragraph 45.

46.  Defendants admit the truth of the allegation in the first two sentences of paragraph 46.  As for the third sentence of paragraph 46, Defendants admit that Attachment 2 to SA Hamblen's letter is a June 14, 2005 letter by Plaintiff Gowen.  Defendants deny that the letter is addressed to the Department of Agriculture and aver that the letter is addressed to a corporation.

47.  Defendants deny the allegations in the first two sentences of paragraph 47. Defendants admit the allegations in the second two sentences of paragraph 47.

48.  Defendants admit the truth of the allegation in the first sentence of paragraph 48.

Defendants deny the remaining allegations in paragraph 48.

49. Defendants admit the truth of the allegations in paragraph 49, except to the extent that paragraph 49 alleges that UG's name is wrongly identified. As to that allegation, Defendants lack knowledge or information sufficient to form a belief as to its truth and on that basis deny the allegation.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and on that basis deny them. Defendants admit the list contains names not mentioned in the CAN and that the list includes Daniel K. Anderson. Defendants deny the remaining allegations in paragraph 50.

51. Defendants admit that SA Hamblen contacted Mr. Powell by telephone and requested information regarding the existence of a bank-customer relationship between First Bank and one or more of the Plaintiffs. Defendants deny the remaining allegations in paragraph 51.

52. Defendants admit that Mr. Powell asked SA Hamblen if First Bank should close the account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Powell asked if the assets were fraudulent, and on that basis deny the allegation. Defendants admit that SA Hamblen responded that "it was up to First Bank," but deny the remaining allegations regarding SA Hamblen's tone and implications.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and on that basis deny them.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and on that basis deny them.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 55 and on that basis deny them.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and on that basis deny them.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and on that basis deny them.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and on that basis deny them.

59. Defendants admit the allegations in paragraph 59.

60. Defendants admit the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants admit that on April 1, 2005, Ms. Urey, an employee of the United States Air Force, disclosed and disseminated the CAN via email to Ann Montes of the Small Business Administration (SBA). Defendants deny that Ms. Urey disclosed and disseminated the CAN to any other SBA personnel. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and on that basis deny them.

63. Defendants admit that SBA is not a law enforcement agency or other agency of DA or DoD. Defendants deny the remaining allegations in paragraph 63.

64. The first clause of paragraph 64 contains a conclusion of law to which no response is required. Regarding the remaining allegations in the first sentence of paragraph 64, Defendants admit that Plaintiff Scarborough, through counsel, wrote a letter to MG Ryder containing the allegations contained in this sentence. Defendants deny the allegations contained in the letter and the first sentence of paragraph 64. Defendants admit the second sentence of paragraph 64.

65.  Defendants admit the first sentence of paragraph 65.  Defendants deny the second sentence of paragraph 65.

66.  Defendants admit the first and second sentences of paragraph 66.  Defendants admit that Plaintiff requested expedited processing as alleged in the third sentence, but deny the truth of the allegations in the third sentence.  Defendants deny the allegations contained in the fourth sentence of paragraph 66.

67.  Defendants admit that a letter as described in paragraph 67 was sent to Greenway but deny the allegations contained therein.

68.  Defendants admit the truth of the allegations in paragraph 68.

69.  Defendants admit that such a letter as described in paragraph 69 was sent to Greenway, but deny the allegations contained therein.

70.  Defendants admit the first sentence of paragraph 70.  Defendants deny the second sentence of paragraph 70.

71.  Defendants admit the first sentence of paragraph 71.  Defendants admit the second sentence of paragraph 71.  Defendants admit that Plaintiff Scarborough requested action as described in the third sentence, but deny the truth of the allegations in the third sentence of paragraph 71.

72.  Defendants admit that Greenway wrote to Plaintiff Wright's counsel on May 6, 2005.  The remainder of paragraph 72 contains conclusions of law to which no response is required.  Should an answer be required, Defendants deny the allegation.  Regarding the contents of the letter, the letter speaks for itself and the Defendants refer the Court to the referenced document for an accurate and complete statement of its contents.

9

73.   Paragraph 73 contains a conclusion of law to which no response is required.  Should an answer be required, Defendants deny the allegation.

74.   Defendants admit the first sentence of paragraph 74.  Defendants deny the allegations in the second sentence of paragraph 74.

75.   Defendants admit the first sentence of paragraph 75.  The remainder of paragraph 75 contains conclusions of law to which no response is required.  Should an answer be required, Defendants deny the allegation.

76.   Paragraph 76 contains a conclusion of law to which no response is required.  Should an answer be required, Defendants deny the allegation.

77.   Defendants admit that an associate in the law firm representing each plaintiff called the crime records center and left a message.  However, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that said associate is a counsel for plaintiff Scarborough.  Defendant admits that the CRC has not responded to the message.

78.   Defendants admit the truth of the allegations in paragraph 78.

79.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and on that basis deny them.

80.   Paragraph 80 contains conclusions of law to which no response is required.  To the extent an answer is required, Defendants admit only to the extent that Plaintiffs allege that Defendants did not provide notice prior to disclosure.  Defendants deny all other factual allegations in paragraph 80.

81.   Defendants deny the allegations in paragraph 81.

82.   Defendants deny the allegations in paragraph 82.

10

## COUNT I

83.  Defendants restate and reassert their responses to paragraphs 1 through 82.

84.  Paragraph 84 contains a conclusion of law.  The referenced statute speaks for itself and the Defendants refer the Court to the referenced statute for an accurate and complete statement of its contents.

85.  Defendants deny the allegations in paragraph 85.

86.  Defendants deny the allegations in paragraph 86.

87.  Defendants deny the allegations in paragraph 87.

88.  Defendants deny the allegations in paragraph 88.

89.  Defendants deny the allegations in paragraph 89.

90.  Defendants deny the allegations in paragraph 90.

91.  Defendants deny the allegations in paragraph 91.

92.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and on that basis deny them.

93.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and on that basis deny them.

94.  Defendants deny the allegations in paragraph 94.

## COUNT II

95.  Defendants restate and reassert their responses to paragraphs 1 through 82.

96.  Paragraph 96 contains a conclusion of law to which no response is required.  Should an answer be required, Defendants refer the Court to the cited statute for an accurate and

11

complete statement of its contents.

97.  Defendants deny the allegations in paragraph 97.

98.  Defendants deny the allegations in paragraph 98.

99.  Defendants deny the allegations in paragraph 99.

100.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and on that basis deny them.

101.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 and on that basis deny them.

102.  Defendants deny the allegations in paragraph 102.

## COUNT III

103.  Defendants restate and reassert their responses to paragraphs 1 through 82.

104.  Defendant admits that it has some information which is governed by the PA, but is unable to determine what information the plaintiff is referring to as "certain information" and is thus unable to form an opinion as to the truth of the allegation contained in paragraph 104.

105.  Defendants deny the allegations in paragraph 105.

106.  Defendants deny the allegations in paragraph 106.

107.  Defendants deny the allegations in paragraph 107.

108.  Defendants deny the allegations in paragraph 108.

109.  Defendants deny the allegations in paragraph 109.

110.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and on that basis deny them.

111.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and on that basis deny them.

112.  Defendants deny the allegations in paragraph 112.

## COUNT IV

113.  Defendants restate and reassert their responses to paragraphs 1 through 82.

114.  Defendant admits that it has some information which is governed by the PA, but is unable to determine what information the plaintiff is referring to as "certain information" and is thus unable to form an opinion as to the truth of the allegation contained in paragraph 114.

115.  Defendants deny the allegations in paragraph 115.

116.  Defendants deny the allegations in paragraph 116.

117.  Defendants deny the allegations in paragraph 117.

118.  Defendants deny the allegations in paragraph 118.

119.  Defendants deny the allegations in paragraph 119.

120.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and on that basis deny them.

121.  Defendants deny that they violated the Privacy Act. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and on that basis deny them.

122.  Defendants deny the allegations in paragraph 122.

## COUNT V

123.  Defendants restate and reassert their responses to paragraphs 1 through 82.

124.  Paragraph 124 contains a conclusion of law to which no response is required. Should an answer be required, Defendants deny the allegation.

125.  Defendants deny the allegations in paragraph 125.

126.  Defendants deny the allegations in paragraph 126.

127.  Defendants deny the allegations in paragraph 127.

128.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 and on that basis deny them.

129.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 and on that basis deny them.

## COUNT VI

130.  Defendants restate and reassert their responses to paragraphs 1 through 82.

131.  Defendants deny the allegations in paragraph 131.

132.  Defendants deny the allegations in paragraph 132.

133.  Paragraph 133 contains a conclusion of law to which no response is required. Should an answer be required, Defendants refer the Court to the cited statute for an accurate and complete statement of its contents.

134.  Defendants deny the allegations in paragraph 134.

135.  Defendants deny the allegations in paragraph 135.

136.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 and on that basis deny them.

137.  Defendants deny the allegations in paragraph 137.

14

138. Defendants deny that they violated the Privacy Act. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 and on that basis deny them.

## COUNT VII

139. Defendants restate and reassert their responses to paragraphs 1 through 82.

140. Paragraph 140 contains a conclusion of law to which no response is required. Should an answer be required, Defendants refer the Court to the cited statute for an accurate and complete statement of its contents.

141. Defendants deny the allegations in paragraph 141.

142. Defendants deny the allegations in paragraph 142.

143. Defendants deny the allegations in paragraph 143.

144. Defendants deny the allegations in paragraph 144.

145. Defendants deny the allegations in paragraph 145.

146. Defendants deny that they violated the Privacy Act. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 and on that basis deny them.

## COUNT VIII

147. Defendants restate and reassert their responses to paragraphs 1 through 82.

148. Paragraph 148 contains a conclusion of law to which no response is required. Should an answer be required, Defendants refer the Court to the cited statute for an accurate and complete statement of its contents.

149. Defendants deny the allegations in paragraph 149.

15

150. Defendants deny the allegations in paragraph 150.

151. Defendants deny that they violated the Privacy Act. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 and on that basis deny them.

## COUNT IX

152. Defendants restate and reassert their responses to paragraphs 1 through 82.

153. Paragraph 153 contains a conclusion of law to which no response is required. Should an answer be required, Defendants refer the Court to the cited statute for an accurate and complete statement of its contents.

154. Defendants deny the allegations in paragraph 154.

155. Defendants deny the allegations in paragraph 155.

156. Defendants deny that they violated the Privacy Act. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 and on that basis deny them.

## COUNT X

157. Defendants restate and reassert their responses to paragraphs 1 through 82.

158. Defendants deny the allegations in paragraph 158.

159. Defendants deny the allegations in paragraph 159.

160. Defendants deny the allegations in paragraph 160.

161. Defendants deny the allegations in paragraph 161.

162. Defendants deny the allegations in paragraph 162.

163. Defendants deny the allegations in paragraph 163.

164.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 and on that basis deny them.

165.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 and on that basis deny them.

166.  Defendants deny the allegations in paragraph 166.

### COUNT XI

167.  Defendants restate and reassert their responses to paragraphs 1 through 82.

168.  Paragraph 168 contains a conclusion of law to which no response is required. Should an answer be required, Defendants refer the Court to the cited statute for an accurate and complete statement of its contents.

169.  Defendants deny the allegations in paragraph 169.

170.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 and on that basis deny them.

171.  Defendants deny the allegations in paragraph 171.

172.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 and on that basis deny them.

173.  Defendants deny the allegations in paragraph 173.

### PRAYER FOR RELIEF

Plaintiff's prayer for relief, which appears on the pages 36 through 38 of the Complaint and sub-paragraphs i through xii requires no response. To the extent plaintiff's prayer for relief and sub-paragraphs i through xii contain any allegations of fact, deny. Defendant further denies that plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

## ALL CLAIMS

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

## DEFENSES

1. Some or all of Plaintiffs' Claims have failed to state a claim for which relief can be granted.

2. Some or all releases of information were pursuant to one or more exceptions contained in 5 U.S.C. § 552a.

3. In none of the releases of information cited in the Complaint did the agency or its agents act in an intentional or wilful manner.


Dated: October 31, 2005.

Respectfully submitted,


_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney


_____
KEVIN K. ROBITAILLE
Special Assistant United States Attorney

18

United States Attorney's Office
555 4th Street. N.W.
Washington, DC 20530
(202) 353-9895

Of Counsel:
Major Patrick L. Gary
Litigation Attorney
U.S. Army Litigation Division