IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCARBOROUGH, et al, <br><br> Plaintiffs, <br><br> v. <br><br> HARVEY, et al, <br><br> Defendants. | Case No.: No. 05-1427 (RBW) |

**PLAINTIFFS' ADDITIONAL EXPLANATION IN SUPPORT OF
UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITATION**

COME NOW Plaintiffs Edmund C. Scarborough, Dr. Larry J. Wright, and George Gowen, by and through counsel and pursuant to LCvR 7(e) and the Courts' Minute Order of May 2, 2006, and submit additional explanations in support of their Unopposed Motion for Leave to Exceed Page Limitation denied by the Court subject to additional explanations, and state as follows:

1. On March 6, 2006, Defendants filed their 41-page Motion to Dismiss, or in the Alternative, for Partial Summary Judgment ("Motion to Dismiss").

2. On May 1, 2006, Plaintiffs filed their 79-page Opposition to Defendants' Motion to Dismiss ("Opposition").

3. Concurrently with their Opposition, Plaintiffs filed a Motion for Leave to Exceed Page Limitation ("Motion for Leave") and proposed order.

4. By Minute Order dated May 2, 2006, the Court denied Plaintiffs' Motion for Leave, stating that "[P]laintiffs have not provided a sufficient explanation, nor can the Court

independently conceive, why they would need 79 pages to respond to [Defendants'] 41-page motion to dismiss, or in the alternative, for partial summary judgment."

5. The Court's May 2, 2006 Order requires Plaintiffs to file their Opposition in accordance with LCivR 7(e) by May 9, 2006 unless the Court grants them leave to exceed the page limitations based on additional explanations why more than forty-five pages is necessary. Plaintiffs herein provide additional information in support of their Motion for Leave and Opposition brief in excess of 45 pages.

6. Plaintiffs' 47-page Amended Complaint includes 16 Counts alleging 16 violations of the Privacy Act by three Defendant Government agencies – the Department of the Army ("DA"), the Department of Defense ("DoD), and the Small Business Administration ("SBA"). The 16 Counts variously alleged violations of 5 U.S.C. §§ 552a(b) (prohibiting disclosure of Privacy Act-protected information), a(e)(6) (requiring agencies to make reasonable efforts to assure records are accurate, complete and timely), a(e)(9) (requiring agencies to establish rules of conduct and instruct personnel), and a(e)(10) (requiring appropriate administrative safeguards and protections).

7. As is shown in the attached matrix, which Plaintiffs assembled to identify what Defendants were seeking under each Count as to defense(s), in moving for dismissal or, alternatively, summary judgment, Defendants attacked all 16 Counts in Plaintiffs' Complaint (*see* Exhibit 1) and not one Count is left untouched. *Id.* at pp. 1-7 (right column). As a result, it was necessary for Plaintiffs to address and provide substantive factual and legal reasons in opposition to Defendants' various arguments with respect to every one of their 16 Counts, as failure to address even one would risk dismissal of, or summary judgment against them on, that Count.

8. The matrix shows that for 13 of the 16 Counts, Defendants raised at least two separate factual and legal grounds for dismissal and/or summary judgment, Exhibit 1, and in defense of six (6) of Plaintiffs' Counts Defendants raised **four (4)** distinct bases for dismissal and/or summary judgment each. *See, e.g., Id.* at pp. 2-3, right column, Counts V and VI; pp. 5-6, right column, Counts XIII, XIV, and XV; pp. 7, right column, Count XVI.

9. By way of example, Defendants raised four (4) defenses against Count V. On pages 2 and 3 of the attached matrix, the Court will see that, with regard to Count V, Defendants moved to dismiss based on (1) Plaintiffs allegedly not having standing to bring a Privacy Act suit, and (2) because Army CID Special Agent Christopher Hamblen's disclosures (of the Criminal Alert Notice ("CAN")) to the Defense Acquisition University ("DAU") and other DoD agencies allegedly fall within the "need to know" exception and were intra-agency disclosures contemplated by the "need to know" exception. *Id.* at 2-3. These two arguments for dismissal of Count V are found in Section III.B. (p. 13) and III.F. (p. 27) of Defendants' Motion to Dismiss, respectively. Additionally, Defendants moved for summary judgment on Count V based on their argument that three named employees receiving Hamblen's CAN had a "need to know" the information and that one of them (U.S. Air Force Lieutenant Colonel Feck) had an affirmative obligation to further disclose the CAN and information within. Motion to Dismiss at 28. Defendants also moved for summary judgment on Count V based on the argument that Hamblen's and Feck's disclosures were made pursuant to a permitted, published routine use and that their disclosures, as well as DoD's disclosures to the SBA, were compatible with the purpose for which the CAN was collected. The arguments for summary judgment on Count V are found in Section III.G. (p. 28) and III.H. (p. 29) of Defendants' Motion to Dismiss, respectively. Although Plaintiffs are quite confident that they and did rebut all of Defendants'

arguments against Count V, it was necessary for them to address each one or risk dismissal or summary judgment on that Count.

10. The matrix further shows that, if each argument for dismissal or summary judgment is counted separately, Defendants raised **42 separate arguments** in defense of Plaintiffs' 16 Count Amended Complaint. *Id.* at pp. 1-7.[1]

11. In light of the foregoing, Plaintiffs submit that a 79-page brief is not excessive and that Plaintiffs attempted to be efficient and non-repetitive in responding to each of Defendants' 42 arguments in less than two pages each.

12. Moreover, Defendants arranged the substantive arguments in their Motion to Dismiss in twelve (12) separate sections rather than by Count. *See* Motion to Dismiss, Sections III.A – L. Each Section, in turn, contains multiple arguments why one or a specified combination of Counts should be dismissed and/or why the Court should grant Defendants partial summary judgment on the same or a different Count or combination of Counts. For example, with regard to Counts V and VI, Section III.F. of Defendants' Motion to Dismiss argues for dismissal of these Counts for failure to state a claim upon which relief can be granted based on the "need to know" exception. Defendants, however, actually made three (3) different assertions or arguments, plus sub-arguments, including that (1) Army regulations, intra-DoD disclosures to all components, and the facts of this case entitled the Government – at all levels – to do what it did under the "need to know" exception. Motion to Dismiss at pp. 27-28. Plaintiffs had to respond to each argument.

Similarly, Defendants seek summary judgment on Counts V and VI, as well as Count XIII, on separate bases regarding the actions of the same and other individuals:

---

[1] Plaintiffs calculate 42 arguments by counting all arguments listed in the right column of pp. 1-8 of the matrix at Exhibit 1.

4

(1) Lt Col Feck, an executive officer for a procurement *policy* official at DoD, is responsible for preventing fraud and, to do this, he had to disclose the CAN;

(2) the DoD procurement officials to whom Lt Col Feck sent the CAN had a "need to know" this information;

(3) Lt Col Feck's failure to disclose the CAN "would have been a dereliction of [his] duties";

(4) Ann Montes of SBA properly concluded that Fernando Guerra of SBA, to whom she sent the CAN and who has a different job in a different SBA office, needed to know the information in the CAN to perform his duties even though Guerra's declaration does not assert that he needed to know the information; and

(5) Montes was justified in sending the CAN to Guerra because she routinely and blindly forwards any and all "small business" information to Guerra's office.

13.  Plaintiffs believe, and have attempted to show the Court, that all of Defendants' arguments for dismissal and/or summary judgment are without factual or legal justification or, alternatively, discovery is necessary for Plaintiffs to test the conclusory statements/assertions raised by Defendants and made by Defendants' declarants.

14.  Clearly, the instant action is factually and legally complex and though it may be easy for the Government to make conclusory statements in their arguments, Plaintiff is required to deconstruct and rebut each argument, showing the Court that Plaintiffs have substantive, genuine responses by setting forth the fallacy and/or lack of factual or legal support behind the Government's statements. A full discussion and refutation of each issue, the applicable law, and the applicable facts (or an explanation of the need for discovery to obtain facts) requires an opposition in excess of the 45-page limit. Recognizing that their Opposition is long, Plaintiffs structured it in a way they believe will significantly assist the Court, *i.e.,* by refuting Defendants' arguments section by section.

15.  Plaintiffs submit that, despite its 79 page length, their Opposition is not unreasonably long in light of the above-described facts and circumstances.

5

WHEREFORE, Plaintiffs respectfully requests that the Court accept Plaintiffs' explanation and permit Plaintiffs' Opposition to be filed as of May 1, 2006.

### **Expedited Ruling or Hearing**

Plaintiffs ask the Court to review and rule on the acceptability of their Additional Explanations expeditiously in order that Plaintiffs can meet the Court's ordered dates for filing. Should the court wish, Plaintiffs' counsel are prepared to participate in a hearing on this matter at the Court's convenience.

Respectfully submitted,

\_\_\_/s/_____
Laurence Schor
D.C. Bar No. 11494
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260
(202) 659-3732  (fax)
lschor@msadlaw.com
*Attorney for Edmund C. Scarborough and George Gowen*


\_\_\_/s/_____
Geoffrey T. Keating
D.C. Bar No. 25239
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260
(202) 659-3732  (fax)
gkeating@msadlaw.com
*Attorney for Dr. Larry J. Wright*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was sent via electronic filing this 3rd day of May 2006 to the following:

Kevin K. Robitaille, Esq.
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
10th Floor
Washington, D.C. 20530
(202) 353-9895
(202) 514-8780 (facsimile)
Kevin.Robitaille@usdoj.gov

                                        /s/
                              Laurence Schor