IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Edmund C. Scarborough v. Francis J. Harvey, Secretary of the Army, Et Al
Case Number 1:05CV01427



EXHIBIT 1

**Matrix of Complaint and Govt's Responses in Motion to Dismiss and/or for Partial S/J**

| Complaint | Motion to Dismiss and/or S/J |
|---|---|
| **COUNT I** <br> **(DA's Violations of the Privacy Act by Disclosing the CAN to NASBP)** | **COUNT I – Govt's Response** |
| **84.** The Privacy Act's central provision preventing disclosure of records is 5 U.S.C. § 552a(b), which states that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record" falls within one of 12 listed exceptions. <br><br> **85.** In or about March 2005, Defendant DA, through its agents and representatives including but not limited to SA Hamblen, intentionally and/or willfully disclosed the CAN, and the personal, Privacy Act-protected information contained therein, to the NASBP in violation of the Privacy Act, in that no listed exception in 5 U.S.C. § 552a(b) applies. | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur). |
| **COUNT II** <br> **(DA's Violations of the Privacy Act by SA Hamblen's June 21, 2005 Letter to First Bank)** | **COUNT II – Govt's Response** |
| **96.** The Privacy Act's central provision preventing disclosure of records is 5 U.S.C. § 552a(b), which states that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record" falls within one of 12 listed exceptions. | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur). <br><br> Moved to Dismiss (§ III.D., p. 24) – no disclosure to bank in violation of PA.; plaintiffs have failed to identify what PA-protected information was disclosed; SA Hamblen revealed no records |
| **COUNT III** <br> **(DA's Violations of the Privacy Act by Greenway's May 6, 2005 Disclosure of Privacy Act- Protected Information about Plaintiff Scarborough to Plaintiff Wright and His Counsel)** | **COUNT III – Govt's Response** |

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Edmund C. Scarborough v. Francis J. Harvey, Secretary of the Army, Et Al
Case Number 1:05CV01427

| | |
|---|---|
| **105.** On or about May 6, 2005, Defendant DA, through its agent and representative Greenway, intentionally and/or willfully disclosed Privacy Act-protected information about Plaintiff Scarborough to Plaintiff Wright and his counsel in violation of the Privacy Act's central provision preventing such disclosure - 5 U.S.C. § 552a(b).<br><br>**106.** Greenway's disclosure of Privacy Act-protected information about Plaintiff Scarborough was an intentional and/or willful violation of the Privacy Act, in that no listed exception in 5 U.S.C. § 552a(b) applies. | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Moved to Dismiss (§ III.E., p. 25) – Greenway did not disclose PA-protected information to Plaintiffs' counsel ; plaintiffs have not stated in their complaint the PA information that they allege Greenway disclosed; information in letter was public information and not PA-protected information; Greenway acquired this information through public sources and independent of an agency system of records |
| **COUNT IV**<br>(DA's Violations of the Privacy Act by Greenway's May 16, 2005 Disclosure of Privacy Act-Protected Information about Plaintiff Wright to Plaintiff Scarborough and His Counsel) | **COUNT IV – Govt's Response** |
| **115.** On or about May 16, 2005, Defendant DA, through its agent and representative Greenway, intentionally and/or willfully disclosed Privacy Act-protected information about Plaintiff Wright to Plaintiff Scarborough and his counsel in violation of the Privacy Act's central provision preventing such disclosure - 5 U.S.C. § 552a(b). | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Moved to Dismiss (§ III.E., p. 25) – Greenway did not disclose PA-protected information to Plaintiffs' counsel ; plaintiffs have not stated in their complaint the PA information that they allege Greenway disclosed; information in letter was public information and not PA-protected information; Greenway acquired this information through public sources and independent of an agency system of records. |
| **COUNT V**<br>(The DA's Violations of the Privacy Act by Disclosing the CAN to DAU) | **COUNT V – Govt's Response** |
| **124.** In or about March 2005, Defendant DA, through its agents and representatives including but not limited to Hamblen, intentionally and/or willfully disclosed the CAN, and the personal information contained therein, to the DoD's DAU in violation of the Privacy Act's central provision preventing such disclosure 5 U.S.C. § 552a(b) | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Moved to Dismiss (§ III.F., p. 27) – disclosure to DAU and other DoD agencies falls within "need to know" exception, and were intra-agency disclosures contemplated by the "need to know" exception.<br><br>Alternatively, Moved for S/J (§ III.G., p. 28) – based on a "need to know", and LtCol Feck had an obligation to provide the information, and procurement officials receiving the information needed it; A.Montes knew that F.Guerra needed the information, and he, in fact, needed it. |

Case 1:05-cv-01427-RBW   Document 27-2   Filed 05/03/2006   Page 3 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Edmund C. Scarborough v. Francis J. Harvey, Secretary of the Army, Et Al
Case Number 1:05CV01427

| | |
|---|---|
| | Also, Moved for S/J (§ III.H., p. 29) – disclosure was pursuant to a permitted, published routine use and SA Hamblen's and LtCol Feck's disclosures, as well as DoD's disclosures to SBA, were compatible with the purpose for which the records were collected. |
| **COUNT VI**<br>(The DA's Violations of the Privacy Act by Disclosing the CAN to Other DoD Agencies) | **COUNT VI – Govt's Response** |
| **131.** In or about March 2005, Defendant DA, through its agents and representatives including but not limited to Hamblen, intentionally and/or willfully disclosed the CAN, and the personal information contained therein, to all DoD agencies' contracting offices in violation of the Privacy Act's central provision preventing such disclosure 5 U.S.C. § 552a(b) | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Moved to Dismiss (§ III.F., p. 27) – disclosure to DAU and other DoD agencies falls within "need to know" exception, and were intra-agency disclosures contemplated by the "need to know" exception.<br><br>Alternatively, Moved for S/J (§ III.G., p. 28) – based on a "need to know", and LtCol Feck had an obligation to provide the information, and procurement officials receiving the information needed it; A.Montes knew that F.Guerra needed the information, and he, in fact, needed it.<br><br>Also, Moved for S/J (§ III.H., p. 29) – disclosure was pursuant to a permitted, published routine use and SA Hamblen's and LtCol Feck's disclosures, as well as DoD's disclosures to SBA, were compatible with the purpose for which the records were collected. |
| **COUNT VII**<br>(DA's Violations of the Privacy Act's Provisions at 5 U.S.C. § 552a(e)(6)) | **COUNT VII – Govt's Response** |
| **140.** The Privacy Act, at 5 U.S.C. § 552a(e)(6), requires that each agency maintaining a system of records shall "prior to disseminating any record about an individual to any person other than an agency, unless dissemination is made pursuant to (b)(2) of [§ *552a],* make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes." | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur). |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Edmund C. Scarborough v. Francis J. Harvey, Secretary of the Army, Et Al
Case Number 1:05CV01427

| COUNT VIII<br>(DA's Violations of the Privacy Act's Provisions at 5 U.S.C. § 552a(e)(9)) | COUNT VIII – Govt's Response |
|---|---|
| **148.** The Privacy Act, at 5 U.S.C. § 552a(e)(9), requires that each agency maintaining a system of records shall "establish rules of conduct for persons involved in the design, development, operation, or maintenance of any system of records, or in maintaining any record, and instruct each such person with respect to such rules and the requirements of this section, including any other rules and procedures adopted pursuant to this section and the penalties of noncompliance." | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Moved for S/J (§ III.I., p. 32) – Army and CID have established rules of conduct for persons maintaining records and systems of records |
| **COUNT IX**<br>(DA's Violations of the Privacy Act's Provisions at 5 U.S.C. § 552a(e)(10)) | **COUNT IX – Govt's Response** |
| **153.** The Privacy Act, at 5 U.S.C. § 552a(e)(10), requires that each agency maintaining a system of records shall "establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained." | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Moved for S/J (§ III.J., p. 32) – Army has established safeguards to insure the security and confidentiality of records |
| **COUNT X**<br>(DoD's Violations of the Privacy Act by Disclosing the CAN to the Public by Means of the DAU Website) | **COUNT X – Govt's Response** |
| **158.** In or about March 2005, Defendant DoD, through its agents and representatives including personnel at DAU, intentionally and/or willfully disclosed the CAN, and the personal, Privacy Act-protected information contained therein, to the public in violation of the Privacy Act's central provision preventing such disclosure - 5 U.S.C. § 552a(b). | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur). |
| **COUNT XI**<br>(DoD's Violations of the Privacy Act by Disclosing the CAN to Defendant SBA) | **COUNT XI – Govt's Response** |

4

Case 1:05-cv-01427-RBW    Document 27-2    Filed 05/03/2006    Page 5 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Edmund C. Scarborough v. Francis J. Harvey, Secretary of the Army, Et Al
Case Number 1:05CV01427

| | |
|---|---|
| **168.** The Privacy Act, 5 U.S.C. § 552a(b)(3), provides that Privacy Act-protected information may be disclosed to another Government agency for a "routine use" as defined in the Act and only if certain system requirements have been met.<br><br>**169.** In or about March 2005, Defendant DoD intentionally and/or willfully disclosed the CAN, and the personal information contained therein, to Defendant SBA without any relevant purpose required or permitted by law. The DoD's disclosure was not for a "routine use" under 5 U.S.C. § 552a(a)(7), (b)(3), or (e)(4)(D). | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Also, Moved for S/J (§ III.H., p. 29) – disclosure was pursuant to a permitted, published routine use and SA Hamblen's and LtCol Feck's disclosures, as well as DoD's disclosures to SBA, were compatible with the purpose for which the records were collected. |
| **COUNT XII**<br>(DoD's Violations of the Privacy Act by Disclosing the CAN to Other Government Agencies and Employees) | **COUNT XII – Govt's Response** |
| **180.** In and after March 2005, Defendant DoD, through its agents and representatives, including but not limited to Lt Col Feck, intentionally and/or willfully disclosed the CAN, and the personal information contained therein to other Government agencies and employees in violation of the Privacy Act's central provision preventing such disclosure 5 U.S.C. § 552a(b). | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Also, Moved for S/J (§ III.H., p. 29) – disclosure was pursuant to a permitted, published routine use and SA Hamblen's and LtCol Feck's disclosures, as well as DoD's disclosures to SBA, were compatible with the purpose for which the records were collected. |
| **COUNT XIII**<br>(SBA's Violations of the Privacy Act by Disclosing the CAN to the Public) | **COUNT XIII – Govt's Response** |
| **190.** From March 31, 2005 through the present, the SBA's intentional and willful disclosure of the CAN clearly marked FOUO, through its agents and representatives including but not limited to Montes and Guerra, to parties outside the SBA was not relevant or necessary to accomplish any purpose required or permitted by law and was in violation of the Privacy Act.<br><br>**191.** On or about April 1, 2005, Defendant SBA's intentional and willful intra-agency disclosure of the CAN, through its agents and | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Moved to Dismiss (§ III.C., p. 19) – CAN is not a record in SBA's system of records<br><br>Alternatively, Moved for S/J (§ III.C., p. 23) – declarations of SBA employees show CAN was never a part of an SBA system of records<br><br>Alternatively, Moved for S/J (§ III.G., p. 28) – based on a "need to know", |

Case 1:05-cv-01427-RBW    Document 27-2    Filed 05/03/2006    Page 6 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Edmund C. Scarborough v. Francis J. Harvey, Secretary of the Army, Et Al
Case Number 1:05CV01427

| | |
|---|---|
| representatives, to various members of the SBA was not relevant or necessary to accomplish any purpose required or permitted by law, was not conducted on a "need to know" basis pursuant to 5 U.S.C. § 552a(b)(1), and was in violation of the Privacy Act. | and LtCol Feck had an obligation to provide the information, and procurement officials receiving the information needed it; A.Montes knew that F.Guerra needed the information, and he, in fact, needed it. |
| **COUNT XIV**<br>(SBA's Violations of the Privacy Act's Provisions at 5 U.S.C. § 552a(e)(6)) | **COUNT XIV – Govt's Response** |
| 198. The Privacy Act, at 5 U.S.C. § 552a(e)(6), requires that each agency maintaining a system of records shall "prior to disseminating any record about an individual to any person other than an agency, unless dissemination is made pursuant to (b)(2) of [§ 552a], make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes." | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Moved to Dismiss (§ III.C., p. 19) – CAN is not a record in SBA's system of records<br><br>Alternatively, Moved for S/J (§ III.C., p. 23) – declarations of SBA employees show CAN was never a part of an SBA system of records<br><br>Moved for S/J (§ III.K, p. 33) – no violation of a(e)(6) by SBA |
| **COUNT XV**<br>(SBA's Violations of the Privacy Act's Provisions at 5 U.S.C. § 552a(e)(9)) | **COUNT XV – Govt's Response** |
| 205. The Privacy Act, at 5 U.S.C. § 552a(e)(9), requires that each agency maintaining a system of records shall "establish rules of conduct for persons involved in the design, development, operation, or maintenance of any system of records, or in maintaining any record, and instruct each such person with respect to such rules and the requirements of this section, including any other rules and procedures adopted pursuant to this section and the penalties of noncompliance." | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Moved to Dismiss (§ III.C., p. 19) – CAN is not a record in SBA's system of records<br><br>Alternatively, Moved for S/J (§ III.C., p. 23) – declarations of SBA employees show CAN was never a part of an SBA system of records<br><br>Moved for S/J (§ III.K, p. 33) – no violation of a(e)(9) by SBA |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Edmund C. Scarborough v. Francis J. Harvey, Secretary of the Army, Et Al
Case Number 1:05CV01427

| COUNT XVI<br>(SBA's Violations of the Privacy Act's Provisions at 5 U.S.C. § 552a(e)(10)) | COUNT XVI – Govt's Response |
|---|---|
| 210. The Privacy Act, at 5 U.S.C. § 552a(e)(10), requires that each agency maintaining a system of records shall "establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained." | Moved to Dismiss (§ III.B., p. 13) – no standing (individual as entrepreneur).<br><br>Moved to Dismiss (§ III.C., p. 19) – CAN is not a record in SBA's system of records<br><br>Alternatively, Moved for S/J (§ III.C., p. 23) – declarations of SBA employees show CAN was never a part of an SBA system of records<br><br>Moved for S/J (§ III.K, p. 33) – no violation of a(e)(10) by SBA |
| *COUNT(s)?—Presumably all claims premised on (g)(1)(D)* | *COUNT(s) ?*<br>*(Govt's Response to all claims premised on (g)(1)(D)?)* |
| (g)(1)(D) requires an intentional or willful violation; we alleged "intentional and willful" in all 16 counts;<br><br>Synopsis of bases for 16 counts:<br><br>SA Hamblen's acts – Counts I, II, V, VI<br>C.Greenway's acts – Counts III, IV<br>A.Montes's & F.Guerra's acts – XIII<br>DoD to SBA – Count XI<br>DoD to Other Agencies/Employees – Count XII<br>DAU to Public – Count X<br>Violation of a(e)(6) – Counts VII, XIV<br>Violations of a(e)(9) – Counts VIII, XV<br>Violations of a(e)(1) – Counts IX, XVI | Moved for S/J (§ III.L., p. 38) on all Plaintiffs' claims premised on (g)(1)(D) requiring willful or intentional violation<br>--Govt argues Ann Montes's (SBA) e-mail to Fernando Guerra was not "patently egregious" or "without grounds for believing actions were lawful under PA," as she believed F.Guerra had a right to know<br>--Govt argues F.Guerra (SBA) acting in his official capacity in forwarding to 8(a) BD program participants; therefore, not "patently egregious" or "without grounds . . . .", as he believed he was fulfilling his job responsibilities<br>   ---Govt cites to cases to argue that even if was in SBA's system of records, it was not intentional/willful for A. Montes or F.Guerra to forward and reasonable to believe that the CAN contained business information, not personal information<br>--Govt argues SA Hamblen's actions consistent with Army regulations & guidelines – had reason to believe Plaintiffs engaged in ongoing fraud scheme; forwarding it to LtCol Feck was his responsibility to "warn senior procurement officials"<br>--Govt argues Greenway was tasked by superiors to respond to 2 letters; |

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Edmund C. Scarborough v. Francis J. Harvey, Secretary of the Army, Et Al
Case Number 1:05CV01427

|  | even if he released PA-protected information, Plaintiffs counsel contributed to the release; under circumstances, any release could hardly be considered willful |
|---|---|
|  |  |
|  |  |

8