IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SCARBOROUGH, et al, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: No. 05-1427 (RBW) |
| HARVEY, et al, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION PURSUANT TO RULE 56(f)
AND MEMORANDUM IN SUPPORT**

COME NOW Plaintiffs Edmund C. Scarborough, Dr. Larry J. Wright, and George Gowen, by and through counsel and pursuant to Fed. R. Civ. P. 56(f) and submit this motion for denial or deferral of a ruling on Defendants' Motion to Dismiss, or in the Alternative, for Partial Summary Judgment (hereinafter referred to as "Motion for Partial Summary Judgment")[1] until discovery can be had. In support, Plaintiffs state as follows:

1. Plaintiffs are filing, concurrently herewith, their Opposition to Defendants' Motion for Partial Summary Judgment ("Opposition"). Plaintiffs' Opposition requests that Defendants' Motion for Partial Summary Judgment be denied based on Defendants' failure to meet their burden for summary judgment and for other reasons set forth therein[2].

2. Plaintiffs' Opposition shows many instances where the record is devoid of undisputed dispositive material facts or where facts alleged by Defendants as material are not material much

---

[1] In their Opposition and other recent filings, Plaintiffs have referred to the same motion by Defendants as the "Motion to Dismiss" even though it sought both dismissal and partial summary judgment in favor of Defendants. Since Rule 56(f) addresses only summary judgment, Plaintiffs will herein refer to Defendant's motion as "Motion for Partial Summary Judgment."
[2] Plaintiffs have also argued that Defendants have failed to meet their burden for dismissal of any count in Plaintiffs' Amended Complaint.

less dispositive, are exclusively within the control of Defendants and have not yet been challenged or tested in discovery, and/or where summary judgment prior to discovery would be premature.

3. Plaintiffs' Opposition, as well as their "Responses and Opposition to Defendants' Statement of Material Facts to Which There Is No Genuine Dispute" ("Responses"),[3] clearly support a ruling by this Court denying Defendants summary judgment on any count of Plaintiffs' Amended Complaint or, at the very least, for deferring such a ruling until after Plaintiffs conduct discovery.

4. This Court has stated that, "[u]nder Rule 56(f), a court 'may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why at that timepoint, it cannot present by affidavit facts needed to oppose the motion.'" *Banks v. Veneman*, 402 F.Supp.2d 43, 47 (D.D.C. 2005) (citations omitted). This determination is within the District Court's discretion. *Id.* The purpose of Rule 56(f) is "'to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery.'" *Wiggins v. Powell*, 2005 WL 555417 at 23 (D.D.C. 2005) (citations omitted). Denial of summary judgment in favor of discovery is appropriate if the record is undeveloped on elements of Plaintiffs' claim, or discovery is necessary to allow the Court to make a fully informed decision on Defendants' motion for summary judgment. *Banks*, 402 F.Supp.2d at 48.

5. In *Wiggins*, the Court set forth the showing that the nonmoving party must make. A party seeking the protection of Rule 56(f) must (1) "'state by affidavit the reasons why he is unable to present the necessary opposing material'" (2) "identify the facts to be discovered that

---

[3] Both of which are incorporated herein by reference as if fully set forth.

2

would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion" and (3) "show a reasonable basis to suggest that discovery might reveal triable issues of fact." *Id.* at 23 (citations omitted).[4] In support of this Rule 56(f) request, Plaintiffs submit the attached affidavits of their attorneys, Laurence Schor and Geoffrey T. Keating, both of which make the required showings. *See* Exhibits 1 and 2 hereto, respectively.

6. In addition, Plaintiffs argue that their need for the requested discovery outweighs any burden of discovery (which has yet to commence in this case) and that discovery will not delay or prejudice Defendants but will help assure that the Court has a firm basis for future rulings and a decision on the merits of this case.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' Motion for Partial Summary Judgment or, at the very least, defer a ruling on such motion until after discovery.

---

[4] The *Wiggins* Court concluded that it lacked a full record containing all facts relevant to the plaintiff's claims such that the Court could make a fully informed decision on the merits of defendant's motion for summary judgment, and that the plaintiff had not been afforded a sufficient opportunity to "test the quality of his claims, plumb the depths of the relevant witnesses, and fully investigate his alleged mistreatment." The Court added: "[A]t this stage it appears that virtually all of the decisive facts relating to Plaintiff's claims remain controverted. Moreover, it also appears that some of the facts that Defendants claim are uncontroverted actually have not been conceded. . . . Accordingly, with so many facts still in dispute and so much discovery left to be done, the Court shall deny Defendant's motions under Rule 56(f) . . . ." *Id.* at 24.

Respectfully submitted,


___/s/_____
Laurence Schor
D.C. Bar No. 11494
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260
(202) 659-3732  (fax)
lschor@msadlaw.com
*Attorney for Edmund C. Scarborough and George Gowen*


___/s/_____
Geoffrey T. Keating
D.C. Bar No. 25239
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260
(202) 659-3732  (fax)
gkeating@msadlaw.com
*Attorney for Dr. Larry J. Wright*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was sent via electronic filing this 9th day of May 2006 to the following:

Kevin K. Robitaille, Esq.
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
10th Floor
Washington, D.C. 20530
(202) 353-9895
(202) 514-8780 (facsimile)
Kevin.Robitaille@usdoj.gov

/s/
Laurence Schor