IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCARBOROUGH, et al, <br><br> Plaintiffs, <br><br> v. <br><br> HARVEY, et al, <br><br> Defendants. | Case No.: No. 05-1427 (RBW) |

### AFFIDAVIT OF GEOFFREY T. KEATING

Geoffrey T. Keating, being duly sworn, deposes and states under the penalty of perjury that the following is true based on my personal knowledge:

1. I am an adult, am knowledgeable of the facts set forth below and am competent to testify herein.

2. I am counsel for Plaintiff Dr. Larry J. Wright ("Wright" or "Plaintiff"), one of three plaintiffs in the above-captioned case (collectively referred to as "Plaintiffs").

3. This affidavit is being provided in support of, and as an exhibit to, Plaintiffs' Motion Pursuant to Rule 56(f) and Memorandum in Support ("Motion").

4. That Motion is being submitted concurrently with Plaintiffs' Opposition ("Opposition") to Defendant's Motion to Dismiss, or in the Alternative, for Partial Summary Judgment (hereinafter referred to as "Motion for Partial Summary Judgment") and Plaintiffs' "Responses and Opposition to Defendants' Statement of Material Facts to Which There Is No Genuine Dispute" ("Responses"), in which Plaintiff has noted examples of disputed facts requiring discovery.


EXHIBIT 2

5. Plaintiff has had no opportunity for discovery in the instant case as the parties have only exchanged initial pleadings. Defendants have not even answered Plaintiffs' Amended Complaint, thereby helping to identify fact issues and other matters about which there must be discovery, despite their having answered Plaintiffs' initial Complaint. Although Plaintiff believes that the Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment refutes each and every argument raised by Defendants and provides sufficient grounds for the Court to deny the motion, Plaintiff is unable to furnish material that challenged or undermined Defendants' Declarants because of the lack of discovery.

6. In their Motion for Partial Summary Judgment, Defendants and their Declarants make numerous broad, sweeping assertions of "fact," often in the form of mental impressions unsupported by any documents, regarding events or matters as to which only Government personnel have been privy. Even if Defendants have procedures for securing protected information, Plaintiff cannot know if the Government employees who failed to protect the information had any training in those procedures as they alleged or sought advice before they acted, which appears not to have been the case. Plaintiff should be given the opportunity to present the necessary opposing material via affidavits or deposition transcript because many, if not all, of the "facts" alleged by Defendants are solely within Defendants' control and Plaintiff has not had an opportunity to test those facts through depositions or document discovery.

7. Plaintiffs' Opposition and Responses suggest that discovery is likely to reveal triable issues of material fact in every Count for which Defendants seek summary judgment. For example, Responses at paragraphs 3, 4, 8, 10, 11, 12, 15, 16, 17, 18, 21, 24, 25 and 26, incorporated herein by reference as if fully set forth, identify specific areas of disputed fact requiring discovery.

8. Also, by way of example, Plaintiffs' Opposition identifies numerous issues of disputed fact requiring discovery, including but not limited to those discussed in Section I (p. 1), II.A.3. (p. 3), II.C.(p. 12), II.D.1. (p. 13), II.D.2. (p. 16), II.E.1. (p. 19), II.F. (p. 36), II. G.1. (p. 40), II.G.2. (p. 42), II.H. (p. 45), II.I. (pp. 47-48), II.J. (pp. 49-50), II.K. (pp. 51-52), and II.L. (p. 54-55). These sections of Plaintiffs' Opposition are incorporated herein by reference as if fully set forth.

9. The above-discussed facts would create multiple triable issues, such that summary judgment at the pre-discovery stage would be premature.

10. To the extent the Court finds that any argument for summary judgment raised by Defendants has not been adequately addressed by Plaintiffs in their Opposition, this is only because Plaintiffs are not able to respond to facts asserted by Defendants and their Declarants with their own affidavits or declarations because there has been no discovery in this case. Plaintiff should be given the opportunity to respond further after discovery.

11. As an alternative to outright denial of Defendants' Motion for Partial Summary Judgment, which Plaintiff seeks, Plaintiffs are filing, in the alternative, the accompanying Motion under Rule 56(f) and requesting the Court to at least defer ruling on Defendants' Motion for Partial Summary Judgment until such time as Plaintiff has had the opportunity to conduct discovery.

12. For the above reasons, if the Court concludes that it cannot deny Defendants' Motion for Partial Summary Judgment *in toto*, it should, Plaintiffs have asked the Court, grant Plaintiffs' Motion under Rule 56(f) and deny or defer a summary judgment ruling until Plaintiff has been allowed to take discovery.

_____
Geoffrey T. Keating

**District of Columbia: SS)**

Taken, sworn to, and subscribed before the undersigned Notary Public, under his/her official seal, this 9th day of May 2006.

_____
Notary Public

ROBERT J. BIEBER
Notary Public, District of Columbia
My Commission Expires
January 1, 2008

My commission Expires:

MY COMMISSION EXPIRES
JANUARY 1, 2008