UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDMUND SCARBOROUGH, et al** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 05-1427 (RBW) |
| ) | |
| **FRANCIS J. HARVEY** ) | |
| **Secretary of the Army, et al** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Defendants file this Opposition to Plaintiffs' Motion for Leave to File a Sur-reply. There is no basis upon which Plaintiffs can file a surreply. Defendants' Reply raises no new issues and the mere fact that Defendants cite different cases in support of their arguments does not provide a justification for Plaintiffs' sur-reply.

Prior to the enactment of the September 1, 2003 Rules for the United States District Court for the District of Columbia (Local Rules), former Rule 27(d) did not permit the filing of a surreply. The current rules do not contain an express prohibition to filing a surreply, but it has long been the holding in this Circuit that "a surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002) quoted in United States of America v. Baroid Corporation, 346 F. Supp. 2d 138, 143 (D.D.C. 2004). The standard for granting a surreply is whether the party making the motion "would be unable to contest matters presented to the court for the first time in the

opposing party's reply." Robinson v. The Detroit News, Inc., 211 F. Supp. 2d.101, 112 (D.D.C. 2002). The matter raised must be truly new.  Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

Plaintiffs assert that Defendants' Reply ("Reply") in support of their Motion to Dismiss, or in the Alternative, for Partial Summary Judgment ("Motion") raises new arguments.  Plaintiffs are incorrect.  There are no new arguments contained in the Reply.

Specifically, Plaintiffs' Surreply to Defendants'Reply ("Surreply") argues that Plaintiffs should have the opportunity to respond to representations in the Reply that the Government had evidence of a fraud scheme committed by Plaintiffs.  This is not new information.  Defendants' Motion specifically stated that the investigation indicated that Plaintiffs were involved in misrepresenting the nature of their assets to government officials and that there was substantial information to conclude that Plaintiffs were engaged in fraudulent activities (See Motion at 3).

Plaintiffs also argue that the Defendants' Reply raises a new argument: that the information at issue is not about the Plaintiffs.  This assertion is likewise incorrect.  Defendants' Motion contains several references to the argument that the information at issue is not about the Plaintiffs.  Defendants' Motion argued that the information in the Criminal Alert Notice (CAN) was not a record because it contained information about Plaintiffs' businesses and not about the Plaintiffs personally or individually (See Motion at 13-19).

Lastly, Plaintiffs argue that they should have a chance to respond to the new cases cited by Defendants in the Reply that were not contained in the Motion.  Unfortunately for Plaintiffs, this is not the standard.  Defendants do not open the door to a surreply by citing new cases in its Reply.  A surreply is most appropriate where the new matter introduced is factual. United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp. 2d at 277 (expressing doubt

that the existence of statutory or case law can ever be "new matter" so as to permit the filing of a sur-reply).

Plaintiffs' proposed surreply addresses arguments which were made in Defendants' Motion. These same issues were addressed in Plaintiffs' opposition and no new issues were raised in the Defendants' Reply.

Accordingly, Plaintiffs' Motion For Leave to File a SurReply should be denied.

Respectfully submitted,

_____/s_____
KENNETH L. WAINSTEIN., D.C. Bar #451058
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____/s_____
KEVIN K ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 353-9895

Of Counsel:
Major Patrick Gary
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia 22203-1837

Erika Covarrubias
Office of General Counsel
U.S. Small Business Administration
Washington, DC
(202) 205-6647