UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDMUND C. SCARBOROUGH, et al, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 1:05CV1427 (RBW) |
| FRANCIS J. HARVEY Secretary of the Army, et al, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

On March 6, 2006, the defendants filed a Motion to Dismiss, or in the Alternative, for Partial Summary Judgment ("Defs.' Mot."). The plaintiffs then filed a 55-page Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp.") on May 9, 2006,[1] and on June 14, 2006, the defendants filed a Reply to Plaintiffs' Opposition ("Defs.' Reply"). This matter is currently before the Court on the Plaintiffs' Motion for Leave to File a Surreply to Defendants' Reply in Support of their Motion to Dismiss, or in the Alternative for Partial Summary Judgment ("Pls.' Mot.").[2]

---

[1] The Court notes that on May 1, 2006, the plaintiffs filed a 79-page Opposition to Defendants' Motion to Dismiss and a Motion for Leave to Exceed Page Limitation. Local Rule 7(e) provides that a memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages unless a party receives prior approval from the Court. Local Civ. R. 7(e). In a May 2, 2006 Minute Order, this Court denied the plaintiff's motion for leave to exceed the page limit, noting that "plaintiffs have not provided a sufficient explanation, nor can the Court independently conceive, why they would need 79 pages to respond to the defendants' 41-page motion to dismiss, or in the alternative, for partial summary judgment." On May 3, 2006, the plaintiffs provided the Court with further explanation to support their motion for leave to exceed the page limit. Finally, on May 4, 2006, the Court issued a minute order granting the plaintiffs leave to file an opposition to the defendants' motion not exceeding 55 pages.

[2] The following papers have been filed in connection with the this motion: (1) Defendants' Opposition to Plaintiffs' Motion for Leave to File a Surreply ("Defs.' Opp."); and (2) the plaintiffs' Consent Motion for Leave to File Under Seal ("Mot. to Seal"). The Court notes that the plaintiffs have not filed a reply to the defendants'

(continued...)

In their Motion for Leave to File a Surreply, the plaintiffs argue that "[i]n [the defendants'] Reply, [they] have made several unfounded accusations against the [the p]laintiffs and have raised new arguments and cases that [the p]laintiffs have not had the opportunity to address." Pls.' Mot. at 1. The plaintiffs contend that "fairness dictates, and the standards [for granting leave to file a surreply] support, that they be allowed to respond to the new matters in order that the Court can be fully appraised of both parties' positions before it rules on [the d]efendants' Motion." Id. In response, the defendants assert that their reply "raises no new issues and the mere fact that [they] cite different cases in support of their argument does not provide a justification for [the plaintiffs'] surreply." Defs.' Opp. at 1. For the reasons that follow, the Court concludes that the plaintiffs have indeed failed to provide sufficient justification for filing a surreply.

The Court notes that although the current Local Rules for the United States District Court for the District of Columbia do not contain an express prohibition on filing a surreply, the standard in this Court is that "[a] surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." United States v. Baroid Corp., 346 F. Supp. 2d 138, 143 (D.D.C. 2004) (internal quotation marks and citation omitted); see also Robinson v. The Detroit News, Inc., 211 F. Supp. 2d 101, 112 (D.D.C. 2002) (concluding that "[t]he standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first

---

²(...continued)
opposition. Local Rule 7(b) provides that "[w]ithin five days after service of the memorandum in opposition may service and file a reply memorandum." L. Civ. R. 7(b). Because five days have passed and the plaintiffs have not filed a reply, the plaintiffs' motion for leave to file a surreply is ripe for consideration.

time in the opposing party's reply."). Here, the defendants' reply does not raise any new matters to which the plaintiff is unable to respond; rather, the defendants have merely responded to the plaintiffs' arguments made in their opposition and reiterated arguments made in the original motion.[3] The Court agrees with the defendants that the matters which the plaintiffs contend are new arguments were previously referred to in the defendants' motion to dismiss and, thus, are not new matters. See Defs.' Opp. at 2. Further, the fact that the defendants have cited new cases in their reply does not alone support the conclusion that the plaintiffs should be granted leave to file a surreply. See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (concluding that "[a] surreply is most appropriate where the new matter introduced is factual" and doubting whether the submission of statutory or case law in a reply can ever be a "new matter" permitting the filing of a surreply). Accordingly, the plaintiff's motion for leave to file a surreply is DENIED.[4]

    **SO ORDERED** this 17th day of August 2006.

REGGIE B. WALTON
United States District Judge

---

[3] Given that the defendants' reply does not raise any new matters for which a surreply would be appropriate, the Court is inclined to view the plaintiffs' argument that "fairness dictates" that they be allowed to file a surreply merely as an attempt to submit to the Court what was previously precluded by the Court's May 2, 2006 minute order denying the plaintiffs leave to file an unnecessarily long 79-page opposition and its May 4, 2006 minute order directing the plaintiffs to limit their opposition to 55 pages.

[4] The Court's denial of the plaintiff's motion for leave to file a surreply renders moot the plaintiffs' consent motion for leave to file the surreply under seal, and the Court will accordingly deny the request to file the surreply under seal.