IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCARBOROUGH, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: No. 05-1427 (RBW) |
| ) | |
| HARVEY, et al, ) | |
| ) | |
| Defendants. ) | |

## CONSENT MOTION FOR MISCELLANEOUS RELIEF

COME NOW, Plaintiffs Edmund C. Scarborough, Dr. Larry J. Wright, and George Gowen ("Plaintiffs"), by and through counsel and pursuant to LCvR 5.1(j), and file this Consent Motion for Miscellaneous Relief ("Motion") requesting that the Court seal or, in the alternative, redact certain protected information contained in the Court's Memorandum Opinion dated May 22, 2007.

Plaintiffs note that, earlier today, they hand filed the same Motion titled as "Consent Motion to Seal or, in the Alternative, for Redaction of Certain Protected Information Contained in the Court's Memorandum Opinion," having been advised by the ECF Help Desk that a motion to seal could not be filed electronically. Later in the day, counsel for Plaintiffs called Judge Walton's Chambers and was advised that the Court would prefer that the Motion be filed electronically. Counsel for Plaintiffs was subsequently advised by the Judge's Docket Clerk that the motion should be re-named as a "motion for miscellaneous relief" or a title to that effect. Plaintiffs understand that the Court will substitute this electronic Motion for the earlier filed hard copy motion, and that the latter will be destroyed without further action on Plaintiffs' part.

For their Motion, Plaintiffs state the following:

1. In the instant case, Plaintiffs allege violations of the Privacy Act by Defendants resulting in, *inter alia*, intra-agency, inter-agency and public disclosures of personal, sensitive and Privacy-Act protected information, all of which injured Plaintiffs personally and financially.

2. Plaintiffs have carefully guarded their rights and have pursued all known disclosures of Privacy-Act protected information. In the instant case, Plaintiffs have consistently moved for orders sealing protected language in pleadings or attachments to pleadings. In all such instances, the Government has either consented or not opposed the motion(s) to seal.

3. On May 22, 2007, this Court issued an Order and Memorandum Opinion denying the Defendants' Motion to Dismiss, or in the Alternative, for Partial Summary Judgment (the "Motion to Dismiss") and granting Plaintiffs' Motion [for Discovery] Pursuant to Rule 56(f).

4. Plaintiffs believe that the Court's Memorandum Opinion contains information that, pursuant to the Privacy Act, the parties' prior pleadings, and prior practice in this case, justifies sealing the entire Memorandum Opinion[1] or, in the alternative, redacting selected portions of the Memorandum Opinion.

5. Plaintiffs submit that sealing the entire Memorandum Opinion would be the safest route but, in the event that the Court decides not to seal the entire document,[2] Plaintiffs have identified the following language of the Memorandum Opinion as the most harmful language, identified by page, paragraph and line numbers:[3]

    a. Page 4, 3rd line to Page 4, 11th line, beginning and ending with "see also Hamblen Decl. . . . misrepresented the nature of those assets to government officials").

---

[1] The Order dated the same date does not contain any protected or potentially harmful language. Plaintiffs are not requesting that the Court change or do anything with regard to the issued Order.
[2] Plaintiffs acknowledge that there are reasons why the Court might prefer to selectively redact protected language rather than sealing the entire Memorandum Opinion.
[3] Plaintiffs believe that, to restate verbatim herein the language in the Memorandum Opinion that they believe is damaging and protected would perpetuate the problem and, arguably, result in greater harm or the need for a motion to seal the instant Motion to seal, something Plaintiffs are quite certain the Court would prefer not to address.

    b. Page 5, 7th line to Page 4, 9th line, beginning and ending with "see also Criminal Alert Notice at 3 . . . acceptable assets for individual sureties."

    c. Page 5, footnote 8, the sentence on the fifth line beginning with "Third, it alleges . . . ."

    d. Page 6, 1st line to 4th line, beginning and ending with "implicates them in "the alleged fraudulent and criminal activities . . . being investigated [by the CID]"

    e. Page 6, continuation of footnote 8, the sentence on the last two lines of the footnote beginning with "Seventh, the CAN states . . . ."

    f. Page 10, 4th line, the words "that Scarborough is a 'convicted felon,'"

    g. Page 10, 5th and 6th line, the words "that Wright 'was convicted of surety bond fraud in the early 1999s,'"

    h. Page 10, footnote 17, the following two [2] phrases: [1] "Wright's 'criminal history and . . . his efforts to market security interests not acceptable under the FAR,'" and [2] "Scarborough's 'criminal history and [the fact] that [he] is not licensed in any state to issue surety bonds,"

    i. Page 20, footnote 27, last two (2) lines of the 2nd full paragraph of this footnote, the words: "in the context of an investigation into the plaintiffs' possible surety fraud."

    j. Page 22, 18th beginning with "implicates the plaintiffs by name in. . . ." and ending on Page 23, last line [i.e., 10th line], ending with the words ". . . early 1990s, . . . ."

    k. Page 23, footnote 28, 3rd and 4th lines, the words "see also Defs.' Reply at 8 (contending that "there is no right to [p]rivacy in one's criminal record . . . [because] [c]riminal records are public matters")"

    l. Page 24, 4th and 5th lines, the words "the plaintiffs' involvement in allegedly criminal or otherwise unsavory activity"

6. On several prior occasions, the Court has granted both Plaintiffs' and Defendants' requests to file pleadings under seal or seal pleadings after-the-fact. For example:

    a. On March 1, 2006, concurrently with their Motion to Dismiss, Defendants filed their Unopposed Motion for Leave to File Under Seal. On March 2, 2006, by Minute Order entered and filed the same date, the Court granted Defendants' unopposed motion.

3

    b.  On May 1, 2006, Plaintiffs filed their Consent Motion for Leave to File Under Seal their Opposition to Plaintiffs' Motion to Dismiss and attachments thereto. On May 2, 2006, by Minute Order entered and filed the same date, the Court granted Plaintiff's consent motion.

    c.  On May 9, 2006, Plaintiffs filed their Consent Motion for Leave to File Under Seal their Revised Opposition to Defendants' Motion to Dismiss. On May 10, 2006, by Minute Order entered and filed the same date, the Court granted Plaintiff's consent motion.

    d.  On July 24, 2006, Defendants filed their Unopposed Motion for Leave to File their Opposition to Plaintiff's Motion for Leave to File a Surreply. That motion requested that the Court grant Defendants the ability to file their pleading under seal. On July 25, 2006, by Minute Order entered and filed the same day, the Court granted Defendants' unopposed motion.

7.    Should the Court decide that it is inclined to depart from the prior practice in this case or to not grant the instant Motion, Plaintiffs request, as another alternative, that the Court temporarily withdraw its Memorandum Opinion from public access pending discussion of the issue at the scheduled June 8, 2007, 12:00 p.m. status conference.

8.    Counsel for Defendants concurs in the relief requested herein.

WHEREAS information contained in the Court's Memorandum Opinion contains personal, sensitive and Privacy-Act protected information which, Plaintiffs and Defendants believe, if further disclosed to other Government personnel or the public would or could cause or aggravate harm to Plaintiffs, Plaintiffs hereby request that the Court's May 22, 2007 Memorandum Opinion containing the identified protected information be placed under seal or, in the alternative, that the Memorandum Opinion be redacted to safeguard the protected information identified above. At the very least, Plaintiffs and Defendants request that the Court withdraw its Memorandum Opinion until such time as this and related issues can be addressed in the scheduled June 8, 2007 status conference.

Respectfully submitted,

_____/s/_____
Laurence Schor
D.C. Bar No. 11494
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260
(202) 659-3732 (fax)
lschor@msadlaw.com
*Attorney for Edmund C. Scarborough and George Gowen*

_____/s/_____
Geoffrey T. Keating
D.C. Bar No. 25239
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260
(202) 659-3732 (fax)
gkeating@msadlaw.com
*Attorney for Dr. Larry J. Wright*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was sent via the electronic filing system this 25th day of May 2007, to the following:

Steven M. Ranieri, Esq.
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Room E4408
Washington, D.C. 20530
(202) 353-9895
(202) 514-8780 (facsimile)

                                                                    /s/
                                                   Geoffrey T. Keating