## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SCARBOROUGH, EDMUND, et al | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Civil Action No. 05-1427 (RBW) |
|  | ) |
| THE HONORABLE PETE GEREN[1] | ) |
| Acting Secretary of the Army, et al | ) |
|  | ) |
| Defendants. | ) |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW the defendants, through their undersigned attorneys, and hereby answer and otherwise respond to plaintiffs' amended complaint. Defendants deny each and every allegation in the complaint that is not specifically admitted or otherwise qualified. Defendants reserve the right to assert any affirmative or other defense that becomes known through discovery and to seek leave to amend their Answer to allege any such defense and to assert any other defense, claims, cross-claims and counterclaims as discovery and the evidence may merit.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all releases of information were pursuant to one or more exceptions contained in 5 U.S.C. § 552a.

---

[1] On March 10, 2007, the Honorable Pete Geren became the acting Secretary of the Army. On December 18, 2006, the Honorable Robert Gates became the Secretary of Defense. On July 10, 2006, Steven Preston became the Administrator of the U.S. Small Business Administration. They are substituted for their respective predecessors pursuant to Fed. R. Civ. P. 25(d)(1).

**THIRD DEFENSE**

Defendants or its agents did not act in an intentional or willful manner regarding any of the released alleged by plaintiff in the amended complaint.

In response to the numbered paragraphs of the Amended Complaint, defendants admit, deny, or otherwise state as follows:

**PARTIES**

1.   Admit that Plaintiff Edmund C. Scarborough (Scarborough) has acted as an individual surety providing surety bonds to contractors performing government contracts. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and on that basis deny them.

2.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and on that basis deny them.

3.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and on that basis deny them.

4.   Defendants admit the truth of the allegations in paragraph 4, except that the Honorable Pete Geren is the Acting Secretary of the Army and is substituted as the proper defendant.

5.   Defendants admit the truth of the allegations in paragraph 5, except that the Honorable Robert Gates is the Secretary of Defense and is substituted as the proper defendant.

6.   Defendants admit the truth of the allegations in paragraph 6, except that Steven Preston is the Administrator of the U.S. Small Business Administration and is substituted as the proper defendant.

## JURISDICTION AND VENUE

7.  Defendants assert that this paragraph contains an allegation of jurisdiction to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegation.

8.  Defendants assert that this paragraph contains an allegation of venue to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegation.

## STATEMENT OF FACTS

9.  Defendants admit that Plaintiff Scarborough has acted as an individual surety on bonds given to U.S. Government agencies.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and on that basis deny them.

10.  Defendants admit that Plaintiff Scarborough uses an Irrevocable Trust Receipt (ITR) when furnishing bonds to the Government.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and on that basis deny them.

11.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and on that basis deny them.

12.  Defendants admit that Special Agent Christopher Hamblen (SA Hamblen) began an investigation of fraudulent and/or criminal acts by Robert Joe Hanson sometime in 2004.

13.  Defendants deny the allegations in paragraph 13.

14.  Defendants admit that SA Hamblen is not a contracting officer.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and on that basis deny them.

15.  Defendants deny that there was a lack of evidence of criminal wrongdoing by Plaintiffs.  Defendants admit that SA Hamblen created and issued a Criminal Alert Notice (CAN), numbered 0006-04-CID274.  Defendants admit that the CAN discusses false bonds. Defendants deny that the CAN cites no evidence and makes no charges against Plaintiffs.

16.  Defendants admit that CID regulations establish that the CAN and Criminal Intelligence Report (CIR) are two types of intelligence reports issued by CID.  Defendants deny that CID regulations provide that the CAN and CIR are mutually exclusive.

17.  Defendants admit the truth of the allegations in the first sentence of paragraph 17, except that Defendants deny the language in the first sentence which reads, "within the DA which would degrade the DA's mission."  Defendants admit the truth of the allegations of the second sentence of paragraph 17.  As to the third sentence of paragraph 17, Defendants admit that a CAN may contain the specific items listed, but Defendants deny that a CAN must contain those specific items.  Defendants admit the truth of the allegations of the last sentence of paragraph 17.

18.  Defendants admit that CID regulations establish a report called the Criminal Intelligence Report (CIR) and that reporting crime patterns, new methods of operations and modern technology are three possible uses of a CIR.  Defendants deny the remaining allegations in paragraph 18.

19.  Defendants admit that Army regulations establish a report called a procurement flash report.  Defendants deny the remaining allegations in paragraph 19.

20.  Defendants admit the truth of the allegations in the first sentence of paragraph 20. Defendants deny the remaining allegations in paragraph 20.

21.  Defendants admit that CID plays a role in the investigation of suspected procurement fraud.  Defendants admit that CID may share information with other law enforcement agencies and with persons outside law enforcement.  Defendants deny the remaining allegations in paragraph 21.

22.  Defendants deny the allegations in paragraph 22.  Plaintiffs quoted a portion of Army Regulation 195-2, para. 1-5(k).  The regulation speaks for itself and the Defendants refer the Court to the referenced document for an accurate and complete statement of its contents.

23.  Defendants deny the allegations in paragraph 23.  The regulation cited, Army Regulation 195-2, para. 1-5(k) speaks for itself and the Defendants refer the Court to the referenced document for an accurate and complete statement of its contents.

24.  Defendants admit that Army regulations permit CID to send notifications of suspected procurement fraud to other military components.  Defendants deny the remaining allegations in paragraph 24.

25.  Defendants admit the truth of the allegations in paragraph 25.

26.  Defendants admit the truth of the allegation in the first sentence of paragraph 26. Defendants deny the allegation in the second sentence of paragraph 26 that alleges the CAN contained personal information.  Defendants admit the allegation in the second sentence that SA

Hamblen marked the CAN as containing "FOR OFFICIAL USE ONLY" information. Defendants deny the allegation in the third sentence of paragraph 26.

27. Defendants admit the truth of the allegation in the first sentence of paragraph 27. Defendants admit that the CAN names the corporations and individuals identified in the second sentence of paragraph 27. Defendants deny the remaining allegations in the second sentence of paragraph 27.

28. Defendants admit that the CAN describes the alleged fraudulent and criminal activities of Hanson and that it mentions Plaintiffs and related entities. Defendants deny the remaining allegations in paragraph 28.

29. Paragraph 29 contains a conclusion of law to which no response is required. Should an answer be required, Defendants deny the allegation.

30. Paragraph 30 contains a conclusion of law to which no response is required. Should an answer be required, Defendants deny the allegation.

31. Paragraph 31 contains a conclusion of law to which no response is required. Should an answer be required, Defendants deny the allegation.

32. Paragraph 32 contains a conclusion of law to which no response is required. Should an answer be required, Defendants deny the allegation.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants admit the truth of the allegations in paragraph 35.

36. Paragraph 36 contains a conclusion of law to which no response is required. Should an answer be required, Defendants deny the allegation.

37. Defendants deny the allegations in paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and on that basis deny them.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and on that basis deny them.

40. Defendants deny that SA Hamblen or DA made an unauthorized dissemination of the CAN to NASBP. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and on that basis deny them.

41. Defendants deny the allegations in paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and on that basis deny them.

43. Defendants admit that SA Hamblen caused the CAN to be disclosed and disseminated to DoD contracting offices. Defendants deny the remaining allegations in paragraph 43.

44. Defendants admit that SA Hamblen e-mailed the CAN to Lieutenant Colonel Feck, Director of Operations, Defense Procurement and Acquisition Policy and requested Lt. Col. Feck disseminate the CAN to DoD Contracting Offices. Defendants admit that contracting offices are not law enforcement agencies. Defendants deny the remaining allegations in paragraph 44.

45. Defendants admit the allegations in the first and second sentences of paragraph 45. The remainder of paragraph 45 contains legal conclusions to which no reponse is required. Should an answer be required, Defendants deny the allegations.

46. Defendants admit the truth of the allegations in paragraph 46.

47.  Defendants admit the truth of the allegation in the first two sentences of paragraph 47.  As for the third sentence of paragraph 47, Defendants admit that Attachment 2 to SA Hamblen's letter is a June 14, 2005 letter by Plaintiff Gowen.  Defendants lack knowledge or information sufficient to form a belief as to whether the letter is addressed to a contractor or potential contractor of the Department of Agriculture and on that basis deny the allegation.

48.  Defendants deny the allegations in the first two sentences of paragraph 48. Defendants admit the allegations in the second two sentences of paragraph 48.

49.  Defendants admit the truth of the allegation in the first sentence of paragraph 49. Defendants deny the remaining allegations in paragraph 49.

50.  Defendants admit the truth of the allegations in paragraph 50, except to the extent that paragraph 50 alleges that UG's name is wrongly identified.  As to that allegation, Defendants lack knowledge or information sufficient to form a belief as to its truth and on that basis deny the allegation.

51.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and on that basis deny them.  Defendants admit the list contains names not mentioned in the CAN and that the list includes Daniel K. Anderson. Defendants deny the remaining allegations in paragraph 51.

52.  Defendants admit that SA Hamblen contacted Mr. Powell by telephone and requested information regarding the existence of a bank-customer relationship between First Bank and one or more of the Plaintiffs.  Defendants deny the remaining allegations in paragraph 52.

53. Defendants admit that Mr. Powell asked SA Hamblen if First Bank should close the account. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Powell asked if the assets were fraudulent, and on that basis deny the allegation. Defendants admit that SA Hamblen responded that "it was up to First Bank," but deny the remaining allegations regarding SA Hamblen's tone and implications.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and on that basis deny them.

55. Defendants admit that DAU published a copy of the CAN on its website. Defendants admit that the CAN was marked "FOR OFFICIAL USE ONLY." Defendants deny the remaining allegations in paragraph 55.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and on that basis deny them.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and on that basis deny them.

58. Defendants admit that Scarborough's counsel contacted personnel at DAU regarding the CAN. Defendants lack knowledge or information sufficient to form a belief as to the truth of the underlying allegations of Scarborough's counsel in paragraph 58 and on that basis deny them.

59. Defendants admit that DAU removed the CAN from its website immediately upon notification from Plaintiff's counsel. Defendants deny that DAU made the CAN a password protected item on its website.

60.  Defendants admit that LTC Feck disseminated the CAN via email to DoD senior procurement executives and other government agencies requesting the CAN be disseminated to contracting offices.  Defendants admit that COL Stephen G. Smith, Director of Contracting at Brooks City-Base, Texas was a recipient of the CAN.  As for the remaining allegations in paragraph 60, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

61.  Defendants admit the allegations in paragraph 61.

62.  Defendants deny the allegations in paragraph 62.

63.  Defendants admit that on April 1, 2005, Ms. Urey, an employee of the United States Air Force, disclosed and disseminated the CAN via email to Ann Montes of the Small Business Administration (SBA).  Defendants admit that Ms. Urey is an employee of the Department of Defense (Air Force).  Defendants deny that Ms. Urey disclosed and disseminated the CAN to any other SBA personnel.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and on that basis deny them.

64.  Defendants admit that SBA is not a law enforcement agency or other agency of DA or DoD.  Defendants deny the remaining allegations in paragraph 64.

65.  Defendants admit that on April 4, 2005, Ms. Montes, an employee of SBA, forwarded the email she received from Ms. Urey to Fernando J. Guerra, an employee of SBA. Defendants deny the remaining allegations in paragraph 65.

66.  Defendants admit that on April 5, 2005, Mr. Guerra forwarded the email he received from Ms. Montes to 8(a) Business Development Program contractors, or their employers or agents, who are not employees of SBA.  Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 66 and on that basis deny them.

67.  To the extent that paragraph 67 contains a conclusion of law, no response is required. Should a response be required, defendant is unable to determine what plaintiff is referring to as an "independent inquiry" and is thus unable to form an opinion as to the truth of the allegation contained in paragraph 67.

68.  The first clause of paragraph 68 contains a conclusion of law to which no response is required.  Regarding the remaining allegations in the first sentence of paragraph 68, Defendants admit that Plaintiff Scarborough, through counsel, wrote a letter to MG Ryder containing the allegations contained in this sentence.  Defendants deny the allegations contained in the letter and the first sentence of paragraph 68.  Defendants admit the second sentence of paragraph 68. Defendants admit the second sentence of paragraph 68.

69.  Defendants admit the first sentence of paragraph 69.  Defendants deny the second sentence of paragraph 69.

70.  Defendants admit the first and second sentences of paragraph 70.  Defendants admit that Plaintiff requested expedited processing as alleged in the third sentence, but deny the truth of the allegations in the third sentence.  Defendants deny the allegations contained in the fourth sentence of paragraph 70.

71.  Defendants admit that a letter as described in paragraph 71 was sent to Greenway but deny the allegations contained therein.

72.  Defendants admit the truth of the allegations in paragraph 72.

73.  Defendants admit that such a letter as described in paragraph 73 was sent to Greenway, but deny the allegations contained therein.

74.  Defendants admit the first sentence of paragraph 74.  Defendants deny the second sentence of paragraph 74.

75.  Defendants admit the first sentence of paragraph 75.  Defendants admit the second sentence of paragraph 75.  Defendants admit that Plaintiff Scarborough requested action as described in the third sentence, but deny the truth of the allegations in the third sentence of paragraph 75.

76.  Defendants admit that Greenway wrote to Plaintiff Wright's counsel on May 6, 2005. The remainder of paragraph 76 contains conclusions of law to which no response is required. Should an answer be required, Defendants deny the allegation.  Regarding the contents of the letter, the letter speaks for itself and the Defendants refer the Court to the referenced document for an accurate and complete statement of its contents.

77.  Paragraph 77 contains a conclusion of law to which no response is required.  Should an answer be required, Defendants deny the allegation.

78.  Defendants admit the first sentence of paragraph 78.  Defendants deny the allegations in the second sentence of paragraph 78.

79.  Defendants admit the first sentence of paragraph 79.  The remainder of paragraph 79 contains conclusions of law to which no response is required.  Should an answer be required, Defendants deny the allegation.

80.  Paragraph 80 contains a conclusion of law to which no response is required.  Should an answer be required, Defendants deny the allegation.

81.  Defendants admit that an associate in the law firm representing each plaintiff called the Crime Records Center (CRC) and left a message.  However, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that said associate is a counsel for plaintiff Scarborough.  Defendants admit that the CRC has not responded to the message.

82.  Defendants admit the truth of the allegations in paragraph 82.

83.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and on that basis deny them.

84.  Paragraph 84 contains conclusions of law to which no response is required.  To the extent an answer is required, Defendants admit only to the extent that Plaintiffs allege that Defendants did not provide notice prior to disclosure.  Defendants deny all other factual allegations in paragraph 84.

85.  Defendants deny the allegations in paragraph 85.

86.  Defendants deny the allegations in paragraph 86.

## COUNT I

87.  Defendants restate and reassert their responses to paragraphs 1 through 86.

88.  Paragraph 88 contains a conclusion of law.  The referenced statute speaks for itself and the Defendants refer the Court to the referenced statute for an accurate and complete statement of its contents.

89.  Defendants deny the allegations in paragraph 89.

90.  Defendants deny the allegations in paragraph 90.

91.  Defendants deny the allegations in paragraph 91.

13

92.  Defendants deny the allegations in paragraph 92.

93.  Defendants deny the allegations in paragraph 93.

94.  Defendants deny the allegations in paragraph 94.

95.  Defendants deny the allegations in paragraph 95.

96.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and on that basis deny them.

97.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and on that basis deny them.

98.  Defendants deny the allegations in paragraph 98.

## COUNT II

99.  Defendants restate and reassert their responses to paragraphs 1 through 86.

100.  Paragraph 100 contains a conclusion of law to which no response is required. Should an answer be required, Defendants refer the Court to the cited statute for an accurate and complete statement of its contents.

101.  Defendants deny the allegations in paragraph 101.

102.  Defendants deny the allegations in paragraph 102.

103.  Defendants deny the allegations in paragraph 103.

104.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and on that basis deny them.

105.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and on that basis deny them.

106.  Defendants deny the allegations in paragraph 106.

## **COUNT III**

107.  Defendants restate and reassert their responses to paragraphs 1 through 86.

108.  Defendant admits that it has some information which is governed by the Privacy Act, but is unable to determine what information the plaintiff is referring to as "certain information" and is thus unable to form an opinion as to the truth of the allegation contained in paragraph 108.

109.  Defendants deny the allegations in paragraph 109.

110.  Defendants deny the allegations in paragraph 110.

111.  Defendants deny the allegations in paragraph 111.

112.  Defendants deny the allegations in paragraph 112.

113.  Defendants deny the allegations in paragraph 113.

114.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and on that basis deny them.

115.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and on that basis deny them.

116.  Defendants deny the allegations in paragraph 116.

## COUNT IV

117.  Defendants restate and reassert their responses to paragraphs 1 through 86.

118.  Defendant admits that it has some information which is governed by the Privacy

Act, but is unable to determine what information the plaintiff is referring to as "certain

information" and is thus unable to form an opinion as to the truth of the allegation contained in

paragraph 118.

119.  Defendants deny the allegations in paragraph 119.

120.  Defendants deny the allegations in paragraph 120.

121.  Defendants deny the allegations in paragraph 121.

122.  Defendants deny the allegations in paragraph 122.

123.  Defendants deny the allegations in paragraph 123.

124.  Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 124 and on that basis deny them.

125.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 125 and on

that basis deny them.

126.  Defendants deny the allegations in paragraph 126.

## COUNT V

127.  Defendants restate and reassert their responses to paragraphs 1 through 86.

128.  Paragraph 128 contains a conclusion of law to which no response is required.

Should an answer be required, Defendants deny the allegation.

129.  Defendants deny the allegations in paragraph 129.

130. Defendants deny the allegations in paragraph 130.

131. Defendants deny the allegations in paragraph 131.

132. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 and on that basis deny them.

133. Defendants deny that they violated the Privacy Act. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 and on that basis deny them.

134. Defendants deny that they violated the Privacy Act. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 and on that basis deny them.

### **COUNT VI**

135. Defendants restate and reassert their responses to paragraphs 1 through 86.

136. Defendants deny the allegations in paragraph 136.

137. Defendants deny the allegations in paragraph 137.

138. Paragraph 138 contains a conclusion of law to which no response is required. Should an answer be required, Defendants refer the Court to the cited statute for an accurate and complete statement of its contents.

139. Defendants deny the allegations in paragraph 139.

140. Defendants deny the allegations in paragraph 140.

141. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 and on that basis deny them.

142. Defendants deny the allegations in paragraph 142.

17

143.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 and on that basis deny them.

## COUNT VII

144.  Defendants restate and reassert their responses to paragraphs 1 through 86.

145.  Paragraph 145 contains a conclusion of law to which no response is required. Should an answer be required, Defendants refer the Court to the cited statute for an accurate and complete statement of its contents.

146.  Defendants deny the allegations in paragraph 146.

147.  Defendants deny the allegations in paragraph 147.

148.  Defendants deny the allegations in paragraph 148.

149.  Defendants deny the allegations in paragraph 149.

150.  Defendants deny the allegations in paragraph 150.

151.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 and on that basis deny them.

## COUNT VIII

152.  Defendants restate and reassert their responses to paragraphs 1 through 86.

153.  Paragraph 153 contains a conclusion of law to which no response is required. Should an answer be required, Defendants refer the Court to the cited statute for an accurate and complete statement of its contents.

154.  Defendants deny the allegations in paragraph 154.

155.  Defendants deny the allegations in paragraph 155.

156.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 and on that basis deny them.

## COUNT IX

157.  Defendants restate and reassert their responses to paragraphs 1 through 86.

158.  Paragraph 158 contains a conclusion of law to which no response is required. Should an answer be required, Defendants refer the Court to the cited statute for an accurate and complete statement of its contents.

159.  Defendants deny the allegations in paragraph 159.

160.  Defendants deny the allegations in paragraph 160.

161.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 and on that basis deny them.

## COUNT X

162.  Defendants restate and reassert their responses to paragraphs 1 through 86.

163.  Defendants deny the allegations in paragraph 163.

164.  Defendants deny the allegations in paragraph 164.

165.  Defendants deny the allegations in paragraph 165.

166.  Defendants deny the allegations in paragraph 166.

167.  Defendants deny the allegations in paragraph 167.

168.  Defendants deny the allegations in paragraph 168.

169.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 and on that basis deny them.

170.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 and on that basis deny them.

171.  Defendants deny the allegations in paragraph 171.

## COUNT XI

172.  Defendants restate and reassert their responses to paragraphs 1 through 86.

173.  Paragraph 173 contains a conclusion of law to which no response is required. Should an answer be required, Defendants refer the Court to the cited statute for an accurate and complete statement of its contents.

174.  Defendants deny the allegations in paragraph 174.

175.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 and on that basis deny them.

176.  Defendants deny the allegations in paragraph 176.

177.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 and on that basis deny them.

178.  Defendants deny the allegations in paragraph 178.

## COUNT XII

179.  Defendants restate and reassert their responses to paragraphs 1 through 86.

180.  Defendants deny the allegations in paragraph 180.

181.  Defendants deny the allegations in paragraph 181.

182.  Paragraph 182 contains a conclusion of law.  The referenced statute speaks for itself and the Defendants refer the Court to the referenced statute for an accurate and complete statement of its contents.

183.  Defendants deny the allegations in paragraph 183.

184.  Defendants deny the allegations in paragraph 184.

185.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 and on that basis deny them.

186.  Defendants deny the allegations in paragraph 186.

187.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 and on that basis deny them.

## **COUNT XIII**

188.  Defendants restate and reassert their responses to paragraphs 1 through 86.

189.  Paragraph 189 contains a conclusion of law to which no response is required.  The referenced statute speaks for itself and the Defendants refer the Court to the referenced statute for an accurate and complete statement of its contents.

190. Defendants deny the allegations in paragraph 190.

191. Defendants deny the allegations in paragraph 191.

192. Defendants deny the allegations in sentence 1 of paragraph 192.  Defendant is unable to determine what plaintiff is referring to as an "independent inquiry" and is thus unable to form an opinion as to the truth of the allegation contained in sentence 2 of paragraph 192.

193. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 and on that basis deny them.

194. Defendants deny that the allegations in the first sentence of paragraph 194.   The second sentence in paragraph 194 is a conclusion of law to which no response is required.

195.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 and on that basis deny them.

196. Defendants deny the allegations in paragraph 196.

## COUNT XIV

197.  Defendants restate and reassert their responses to paragraphs 1 through 86.

198.  Paragraph 198 contains a conclusion of law.  The referenced statute speaks for itself and the Defendants refer the Court to the referenced statute for an accurate and complete statement of its contents.

199. Defendants deny the allegations in paragraph 199.

200.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 and on that basis deny them.

201. Defendants deny that the allegations in paragraph 201.

202. Defendants deny the allegations in paragraph 202.

203.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 and on that basis deny them.

## COUNT XV

204.  Defendants restate and reassert their responses to paragraphs 1 through 86.

205. Paragraph 205 contains a conclusion of law.  The referenced statute speaks for itself and the Defendants refer the Court to the referenced statute for an accurate and complete statement of its contents.

206. Defendants deny the allegations in paragraph 206.

207. Defendants deny the allegations in paragraph 207.

208.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208 and on that basis deny them.

## COUNT XVI

209.  Defendants restate and reassert their responses to paragraphs 1 through 86.

210. Paragraph 210 contains a conclusion of law.  The referenced statute speaks for itself and the Defendants refer the Court to the referenced statute for an accurate and complete statement of its contents.

211. Defendants deny the allegations in paragraph 211.

212. Defendants deny the allegations in paragraph 212.

213.  Defendants deny that they violated the Privacy Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213 and on that basis deny them.

## **PRAYER FOR RELIEF**

Plaintiff's prayer for relief, which appears on the pages 43 through 47 of the Complaint and sub-paragraphs i through xvii requires no response.  To the extent plaintiff's prayer for relief and sub-paragraphs i through xvii contain any allegations of fact, deny.  Defendant further denies that plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

_____/s_____

JEFFREY A. TAYLOR, D.C. Bar # 498610

United States Attorney


_____/s_____

RUDOLPH CONTRERAS D.C. Bar # 434122

Assistant United States Attorney


_____/s_____

STEVEN M. RANIERI

Special Assistant U.S. Attorney

555 Fourth Street, N.W., 10th Floor

Washington, D.C.  20530

(202) 353-9895


Of Counsel:

Major Patrick L. Gary

Litigation Attorney

U.S. Army Litigation Division


Erika V. Covarrubias

Trial Attorney, Office of General Counsel

U.S Small Business Administration

409 Third Street, SW

Washington, DC 20416